The Honorable James T. Jordan State Representative P.O. Box 518 Monticello, AR 71655-0518
Dear Representative Jordan:
This is in response to your request for an opinion on the following questions:
 (1) Are health insurance payments made by members of the General Assembly reimbursable from monies appropriated to the House of Representatives and Senate to pay legislative expenses of their members?
 (2) Is the answer different as to members of the General Assembly who are fully retired except for their service as members of the General Assembly? If so, what is the answer as to them?
In my opinion, the above-described reimbursement is not authorized under current legislative expense appropriations.
Amendment 56, § 3 to the Arkansas Constitution provides that no member of the General Assembly shall be entitled to reimbursement for documented expenses unless authorized, and within the limitations, as provided by law. Thus, any reimbursement of legislative expenses must be specifically authorized by law.
Reimbursement for some legislative expenses is authorized in A.C.A. § 10-2-212 (1987) and in § 10-2-214 (Supp. 1989). However, these provisions do not authorize reimbursement for health insurance payments made by members of the General
Assembly. In my opinion, none of the current appropriations for legislative expenses can be read to authorize such reimbursement. In fact, Act 7 of 1991, an appropriation for the executive, judicial, and legislative branches for the biennial period ending June 30, 1993, indicates that reimbursement of health insurance premiums to members of the General Assembly participating in the State Employees Health Insurance Program would not be permissible.[1] Section 18 of Act 7 provides:
 HEALTH PREMIUMS. The Auditor of State shall not, during the 1992-93 fiscal year, spend more for health insurance per employee than the amount being contributed to the State Employees Health Insurance Program.
This provision would apparently limit the State's payment of health insurance premiums of members of the General Assembly to the State's established contribution to each employee's insurance as set out in A.C.A. § 21-5-414 (Supp. 1989). See also Act 127 of 1991, scheduled to take effect July 1, 1991. This limitation would necessarily prohibit reimbursement to members of the General Assembly of their share of the health insurance premiums paid into the state insurance program.
We are unaware of any authorization for reimbursement of private insurance premiums made by members of the General Assembly. Section 21-5-414, referred to above, only authorizes the State to contribute to the insurance premiums of those state employees participating in the state insurance plan.
Likewise, we have found no appropriation authorizing reimbursement of health insurance premiums paid by members of the General Assembly who are otherwise retired.
In conclusion, it is my opinion that under current law, members of the General Assembly may only be reimbursed for their health insurance premiums to the extent that the State contributes to those premiums under § 21-5-414. The legality of any future legislative authorization of such reimbursement would have to be reviewed independently.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] See A.C.A. § 21-5-410 (1987), which specifically provides that members of the General Assembly are eligible for the State Employees Health Insurance Program.